IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EDWIN CASTRO BUSTILLO,　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )　　NO. 3:19-cv-00388
v.　　　　　　　　　　　　　　　　　　 )　　JUDGE RICHARDSON
　　　　　　　　　　　　　　　　　　　 )
KEVIN McALEENAN, *in his official* )
*capacity as Secretary of the Department of* )
*Homeland Security, et al*.　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Defendants.　　　　　　　　　 )

## MEMORANDUM OPINION

Plaintiff Edwin Castro Bustillo brings this action against Defendants Kevin McAleenan,

Secretary for the Department of Homeland Security; L. Francis Cissna, Director of United States

Citizenship and Immigration Services ("USCIS"); Robert Cowan, Director of the National

Benefits Center, and USCIS (collectively "Defendants"), seeking relief for the denial of Plaintiff's

application for employment authorization. (Doc. No. 1). Currently before the Court is Defendants'

Motion to Dismiss (Doc. No. 18, "the Motion"). Plaintiff responded in opposition (Doc. No. 20),

and Defendants have replied (Doc. No. 23). As discussed below, the Complaint will be dismissed

with prejudice.

## ALLEGED FACTS

Plaintiff Edwin Castro Bustillo ("Plaintiff") is a native and citizen of El Salvador who

currently lives in Smyrna, Tennessee. (Doc. No. 1 at ¶¶ 1, 10). At all times relevant to this action,

removal proceedings were pending against Plaintiff before the United States Department of Justice

Executive Office for Immigration Review ("EOIR").[1] (*Id*. at ¶ 17). Plaintiff filed an Application

for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents

("Form EOIR-42b") with United States Citizen and Immigration Services ("USCIS"),[2] and paid

the filing fee on or about November 19, 2015. (*Id*. at ¶¶ 13, 27). Thereafter, on or about August 3,

2017, Plaintiff filed an Application for Employment Authorization ("Form I-765") with USCIS

that sought permission to accept employment pursuant to 8 C.F.R. § 274a.12(c)(10), which allows

an alien who has filed a cancellation of removal application and "whose properly filed application

has been accepted by the Service or EOIR" to seek employment authorization during the pendency

of his or her Form EOIR-42b application. (*Id*. at ¶¶ 12-13, 15).

On April 2, 2018, USCIS sent a Request for Evidence ("RFE") document to Plaintiff

requesting that he provide evidence that his Form EOIR-42b had been properly filed with the

immigration court and remained pending so as to establish his ongoing eligibility for employment

authorization. (*Id*. at ¶ 21). Plaintiff responded to the RFE within the time provided (*Id*. at ¶ 22).

On May 29, 2018, USCIS denied Plaintiff's Form I-765 application, stating that

> [o]n April 24, 2018, you submitted a letter from the Attorney (3 pages), and a copy
> of Form I-797C, Notice of Action (3 pages). Because you did not submit all of the
> requested evidence, you did not establish your eligibility to apply for employment
> authorization.

(*Id*. at ¶ 24).  Plaintiff filed a motion to reopen the denial on June 28, 2018, and USCIS denied the

motion to reopen on November 8, 2018. (*Id*. at ¶ 16).

---

[1]The EOIR is an office within the Department of Justice that administers the nation's immigration court system. *See Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 76 F. Supp. 3d 184, 188 (D.D.C. 2014), *aff'd in part, rev'd in part and remanded*, 830 F.3d 667 (D.C. Cir. 2016). Therefore, throughout this opinion, when the Court refers to an "immigration court" it is also referring to the EOIR.

[2] USCIS is referred to in the regulations as "the Service." USCIS is an arm of the Department of Homeland Security, while the EOIR is an arm of the Department of Justice.

On May 9, 2019, Plaintiff filed with this Court a "Petition for Writ of Mandamus and Complaint for Injunctive and Declaratory Relief," wherein Plaintiff requests the Court reopen and properly adjudicate his application for employment authorization previously filed with the USCIS, and order Defendants to grant employment authorization and issue an employment authorization document to Plaintiff. (*Id.* at ¶ 11). Alternatively, Plaintiff seeks judicial review under the Administrative Procedures Act ("APA") of the denial of his application for employment authorization. (*Id.*).

## LEGAL STANDARD

### *Rule 12(b)(1)*

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted). There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial and factual attacks. A facial attack on subject-matter jurisdiction, as Defendants have made here, goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Upon facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject-matter jurisdiction." *Id.*

*Rule 12(b)(6)*

For purposes of a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must view all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions,"

formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations—factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ*., 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

## DISCUSSION

### I. Subject-Matter Jurisdiction

Section 702 of the APA states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Further, the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2). However, the APA precludes jurisdiction to the extent that "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). "The so-called 'committed to agency discretion exception' is 'very narrow,' and is only applicable where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Jimenez v. Sec'y, Dep't of Homeland Sec.*, No. 618CV1113ORL40GJK, 2019 WL 175274, at *2 (M.D. Fla. Jan. 11, 2019) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971)). Thus,

judicial review is "unavailable where 'a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Id.* (quoting *Lenis v. U.S. Attorney Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008)).

Defendants argue that the denial of Plaintiff's application for employment authorization was a discretionary decision, and that therefore, the APA precludes jurisdiction and the Court lacks subject-matter jurisdiction. (Doc. No. 19 at 6-7). Defendants assert that the plain language of 8 U.S.C. § 1324a(h)(3)(B)[3] vests the agency (*i.e.*, USCIS) with broad discretion, and the regulations promulgated under this discretion, specifically 8 C.F.R. § 274a.12(c), states that "[t]he approval of applications filed under 8 C.F.R. § 274a.12(c)[4] . . . are within the discretion of the USCIS." 8 C.F.R. § 274a.13(a)(1). Defendants contend that the decision "whether to grant employment authorizations under 8 C.F.R. § 274.a.12(c)(1) based on a pending application [for] cancellation of removal is absolutely discretionary"; therefore, the APA precludes judicial review and this Court lacks subject-matter jurisdiction. (Doc. No. 19 at 7).

In response, Plaintiff argues that "the [USCIS] decision here did not rely upon the agency's exercise of its inherent discretion. Rather, the agency's decision was that Plaintiff had not complied with the requirements of establishing his eligibility for employment authorization as required by § 274a.12(c)(10)." (Doc. No. 20 at 6). Plaintiff asserts that "nothing about the agency's denial letter suggests that the decision to deny the Form I-765 was based on the agency's exercise of its discretionary authority." (*Id.*). Rather, Plaintiffs contend that Defendants' decision was based on

---

[3] "As used in this section, the term 'unauthorized alien' means, with respect to the employment of an alien at a particular time, that the alien is not at that time either (A) an alien lawfully admitted for permanent residence, or (B) *authorized to be so employed by this chapter or by the Attorney General*." 8 U.S.C. § 1324a(h)(3)(B) (emphasis added).

[4] This regulation is titled "Aliens who must apply for employment authorization" and lists categories of aliens who may seek employment authorization with USCIS. 8 C.F.R. § 274a.12(c).

a finding that he was ineligible to apply because he had not submitted the proper evidence to comply with the terms of § 274a.12(c)(10), which was a non-discretionary decision. In support, Plaintiff cites *Jimenez v. Sec'y, Dep't of Homeland Sec.*, No. 618CV1113ORL40GJK, 2019 WL 175274 (M.D. Fla. Jan. 11, 2019). In *Jimenez*, the court concluded that USCIS' decision to deny an alien's employment authorization application based upon the alien's failure to show a properly filed application for cancellation of removal that was accepted by the EOIR (*i.e.*, compliance with 8 C.F.R. § 274a.12(c)(10)), was a non-discretionary decision and thus subject to federal court review. 2019 WL 175274, at *2. The court explained that "[w]hile generally USCIS decisions to approve or deny applications for employment authorization are discretionary, *see* 8 C.F.R. § 274a.13(a)(1), there is a 'meaningful standard against which to judge [USCIS'] exercise of discretion' in this case." *Id*. (citing *Lenis*, 525 F.3d at 1293) (alterations in the original). Therefore, the court held that it had subject matter jurisdiction and denied the defendants motion to dismiss.

The Court agrees with Plaintiff that Defendants' denial of Plaintiff's application was not a discretionary decision. While the applicable regulations state that approval of employment authorization applications "are within the discretion of USCIS,"[5] Plaintiff's principle argument concerns Defendants' determination that he had not submitted evidence to establish his eligibility for employment authorization (*i.e.*, that he had properly filed his cancellation of removal proceedings application with an immigration court), rather than any denial of his employment authorization application on the merits. *See Billeke–Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir. 2004) (concluding that the court "may review the non-discretionary decisions that underlie determinations that are ultimately discretionary"). In other words, although approval of

---

[5] *See* 8 C.F.R. § 274a.13(a)(1) ("The approval of applications filed under 8 CFR 274a.12(c) . . . are within the discretion of USCIS.").

employment authorization applications is within the discretion of USCIS, the decision whether there even is a cognizable application given the compliance or non-compliance with the cancellation of removal application filing requirements of Section 274a.12(c)(10), is not discretionary.

Thus, the Court finds that the determination that Plaintiff did not submit evidence that established his eligibility for employment authorization did not require any discretionary decision on the part of Defendants. Instead, it involved a mere comparison between the list of items Plaintiff had provided and the list of items required by Section 274a.12(c)(10). *Cf. Pulotov v. U.S. Citizenship & Immigration Servs.*, No. CV 16-6067, 2018 WL 934612, at \*6 (E.D. Pa. Feb. 16, 2018) (explaining that "the denial of Plaintiff's employment authorization application . . . was non-discretionary because no discretion was involved in Defendant USCIS' decision since it merely computed the days between the filing of his Form I-589, the Application for Asylum and for Withholding of Removal and the filing of his Form I-765"); *see also Santana–Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005) (distinguishing between the director's nondiscretionary factual determinations of eligibility for adjustment of status and discretionary determinations of whether to adjust status once eligibility has been determined). "Non-discretionary actions . . . and purely legal determinations made by the agency remain subject to judicial review." *Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir. 2005). Accordingly, because USCIS' decision was non-discretionary, the Court finds that subject matter jurisdiction is present in this case, and Defendant's Motion to Dismiss filed pursuant to Rule 12(b)(1) will be denied.

## II. Failure to State a Claim

Alternatively, Defendants argue that Plaintiff's claims are subject to dismissal pursuant to Rule 12(b)(6). Defendants assert that Plaintiff has failed to state a claim because he did not allege

that he properly filed his cancellation of removal application (Form EOIR-42b) with an immigration court (*a.k.a.*, the EOIR)—a step which, according to Defendants, is necessary to establish eligibility for employment authorization pursuant to 8 C.F.R. § 274a.12(c)(10). Consequently, Defendants argue that Plaintiff has not alleged that Defendants improperly denied his application for employment authorization. (Doc. No. 19 at 8).

In rebuttal, Plaintiff points to 8 C.F.R. § 274a.12(c)(10), which provides that one of the categories of aliens that are eligible to apply for employment authorization includes any "alien who has filed an application for . . . cancellation of removal pursuant to [8 U.S.C. S 1229b] . . . and whose properly filed application has been accepted by the Service *or* EOIR[.]" (Doc. No. 20 at 7 (emphasis in original)). Plaintiff contends that because he submitted his application and fee to the USCIS (*a.k.a.*, the "Service"), "the clear, unambiguous language" of the regulation demonstrates that Plaintiff properly submitted his Form EOIR-42b, and that he therefore is eligible to seek employment authorization despite not submitting his Form EOIR042b to the EOIR. (Doc. No. 20 at 7-8). Accordingly, Plaintiff contends that he states a claim upon which relief can be granted.

In reply, Defendants argue that Plaintiff's reading of the regulation is overbroad and incorrect. (Doc. No. 23). Defendants contend that "Plaintiff erroneously focuses on the word 'or' in the regulation . . . to come up with an *ultra vires* reading of the DHS regulation that would give an applicant for employment authorization the option of filing his Form EOIR-42b with either DOJ or DHS." (*Id*. at 4). Defendants maintain that "[t]he practical result [of Plaintiff's reading of the regulation] is that any alien, whether to not he is *prima facie* eligible for cancellation of removal, could mail a Form EOIR-42B with fee to USCIS and unilaterally make himself eligible to apply for employment authorization forever, without ever actually prosecuting the application." (*Id*. at

4-5). Defendants assert that this is not the intent of 8 C.F.R. § 274a.12(c)(10). (*Id*. at 5).

Additionally, Defendants argue that Plaintiff "completely ignores the last clause of the regulation

which requires that an applicant for employment authorization under 8 C.F.R. § 274a.12(c)(10)

show that he or she has 'properly filed' one of the three applications,[6] and that his or her application

has been 'accepted.'" (*Id*. at 4).

Thus, the issue before the Court is whether filing an application for cancellation of removal

proceedings (Form EOIR-42b) with the USCIS (and not an immigration court within the EOIR)

renders an alien eligible to seek employment authorization under 8 C.F.R. § 274a.12(c)(10). In

full, the regulation at issue provides,

> An alien who has filed an application for suspension of deportation under section
> 244 of the Act (as it existed prior to April 1, 1997), cancellation of removal pursuant
> to section 240A of the Act, or special rule cancellation of removal under section
> 309(f)(1) of the Illegal Immigration Reform and Immigrant Responsibility act of
> 1996, enacted as Pub. L. 104-208 (110 Stat. 3009-625) (as amended by the
> Nicaraguan Adjustment and Central American Relief Act (NACARA)), title II of
> Pub. L. 105-100 (111 Stat. 2160, 2193) and whose properly filed application has
> been accepted by the Service or EOIR [may seek employment authorization].

8 C.F.R. § 274a.12(c)(10).[7]

The Court disagrees with Plaintiff that "the clear, unambiguous language" of the regulation

demonstrates Plaintiff's eligibility for employment authorization. The regulation read in its

entirety, rather Plaintiff's quoted portion of the regulation, references three different categories of

applications—cancellation of removal applications, suspension of deportation applications, and

---

[6] Below, the Court discusses the three different applications referenced in the regulation.

[7] Read in its entirety, the "preamble" to the operative regulation states the following: "An alien within a class of aliens described in this section must apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. USCIS, in its discretion, may establish a specific validity period for an employment authorization document, which may include any period when an administrative appeal or judicial review of an application or petition is pending." 8 C.F.R. § 274a.12(c).

special rule cancellation of removal applications. *Id*. While an application for cancellation of

removal and suspension of deportation must be filed with the EOIR[8] (*a.k.a.*, immigration court),

the instructions[9] attached to an application for special rule cancellation of removal under section

309(f)(1) indicate that the application may be filed with either the USCIS *or* the EOIR. *See*

Application for Suspension of Deportation or Special Rule Cancellation of Removal (Form I-881),

OMB No. 1615-0072. And the regulations provide that the form instructions are incorporated into

the regulations. *See* 8 C.F.R. § 103.2(a)(1) ("Every form, benefit request, or other document must

be submitted to DHS [(Department of Human Services—*a.k.a.* USCIS)] and executed in

accordance with the form instructions regardless of a provision of 8 C.F.R. chapter I to the

contrary. The form's instructions are hereby incorporated into the regulations requiring its

submission."). Thus, because one of the three kinds of applications referenced in 8 C.F.R. §

274a.12(c)(10) may be filed with the USCIS rather than the EOIR it makes sense for that regulation

to refer to a "properly filed application [that] was accepted by the Service *or* EOIR," as that clause

applies to three different categories of applications, rather than only an application for cancellation

of removal.   8 C.F.R. § 274a.12(c)(10) (emphasis added). But that does not necessarily mean that

each of the three kinds of applications can be "properly filed" with either the Service *or* EOIR, as

Plaintiff claims. Rather, the regulations make clear that the filing of an application for cancellation

of removal must be with the EOIR to be considered "properly filed." Section 1240.20 titled

---

[8] *See* Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents (Form EOIR 42B), OMB No. 1125-0001 (". . . and you must file your application with the appropriate Immigration Court."); Application for Suspension of Deportation, OMB No. 1125-0009 (". . . and you must file your application with the appropriate Immigration Court.").

[9] Although the cited forms and instructions are matters outside the pleadings, which a court generally cannot consider when ruling on a motion to dismiss, the Court may considered the forms and instructions in ruling on Defendants' motion to dismiss because they are referred to in the pleadings, (Doc. No. 1 at ¶ 20), and integral to Plaintiff's claims. *Blanch*, 333 F. Supp. 3d at 791-92.

"Cancellation of removal and adjustment of status under section 240A of the Act[,]" provides that "[t]he application . . . shall be submitted on Form EOIR-42 Application for Cancellation of Removal, to the Immigration Court having administrative control over the Record of Proceeding of the underlying removal proceeding under Section 240 of the Act." 8 C.F.R. § 1240.20. The regulations also provide that submitting the filing fee to USCIS does not amount to filing of the application. *See* 8 C.F.R. § 1103.7. Additionally, a district court in the Sixth Circuit described the method for filing a Form EOIR 42b as follows:

> Filing the 42B is a two-step process. First, the 42B must be filed with a filing fee with the USCIS (with a copy of the application served on the Assistant Chief Counsel for the DHS, U.S. Immigration and Customs Enforcement). *Second, the applicant must file a copy of the application with the U.S. Immigration Court.* See Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents (Form EOIR 42B), OMB #1125-0001.

*Nevada-Martinez v. Ahmad*, No. 5:15-CV-239-JMH, 2016 WL 7888046, at *1 n.2 (E.D. Ky. June 17, 2016) (emphasis added). Based on these authorities, the Court concludes that a Form EOIR 42-b is not "properly filed" until it is submitted to the EOIR (*a.k.a.* an immigration court).[10] To construe 8 C.F.R. § 274a.12(c)(10) the regulation as allowing an alien who has filed[11] his application with the USCIS (and not the EOIR) to seek employment authorization would render

---

[10] The Court realizes this is in disagreement with the statement in *Jiminez* that "aliens may prove eligibility for work authorization by showing a properly-filed application for cancellation of removal that was accepted by the Service." 2019 WL 175274, at *2. However, this language was merely dicta, because the court based its denial of the defendant's motion to dismiss on subject matter jurisdiction grounds and its conclusion (with which the Court agrees, as noted above) that USCIS's decision was a non-discretionary one. *Id.* Further, the court in *Jiminez* did not do a thorough analysis of the issue, simply agreeing with the plaintiff that the regulation stood for such a proposition.

[11] The Court recognizes that Plaintiff alleges in his Complaint that he "filed" his Form EOIR-42b with the USCIS. At this stage, the Court must accept as true all of the factual allegations in the Complaint; however, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 570 (internal quotation marks omitted). Thus, Plaintiff's allegation that "filed" his Form EOIR-42b with the USCIS should not be taken as a truthful allegation that his application was "properly filed" within the meaning of 8 C.F.R. § 274a.12(c)(10), because that would be a legal conclusion. Instead, Plaintiff's allegation that he "filed" the form should only be—and will be—treated at this stage as a truthful allegation that he sent his Form EOIR-42b to USCIS and that USCIS received it.

the word "properly" in the regulation superfluous—a result to be avoided Court should avoid. *Flying Dog Brewery, LLLP v. Mich. Liquor Control Comm'n*, 597 F. App'x 342, 369 n.6 (6th Cir. 2015) ("'We interpret statutes and regulations 'as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous.'" (quoting *Lake Cumberland Trust, Inc. v. E.P.A.*, 954 F.2d 1218, 1222 (6th Cir. 1992)). Thus, the Court rejects Plaintiff's argument.

This rejection is further supported by the instructions attached to the Form I-765. The instructions read as follows: "Applicant for Cancellation of Removal—(c)(10). File Form I-765 *with evidence one of the following forms is pending with EOIR*: EOIR-42A or EOIR-42B. *See* Instructions for Application for Employment Authorization (Form I-765), OMB No. 1615-0040 at 11. (emphasis added). As noted above, 8 C.F.R. § 103.2(a)(1) provides that applications "must be submitted to [USCIS)] and executed in accordance with the form instructions *regardless of a provision of 8 CFR chapter I to the contrary*."  8 C.F.R. § 103.2(a)(1) (emphasis added). Therefore, in light of the Form I-765 instructions, which as the regulation notes overrides any regulation to the contrary, the Court concludes that Plaintiff was required to file his application for cancellation of removal with an immigration court prior to seeking employment authorization with the USCIS.

Here, although Plaintiff alleged that he filed his Form EOIR-42b with the USCIS, Plaintiff did *not* allege that he filed his Form EOIR 42-b with an immigration court (*i.e.*, EOIR) prior to seeking employment authorization with the USCIS, nor argues that he did so in his response. As discussed above, the regulations and form instructions make clear that an individual seeking employment authorization *must* file their Form EOIR 42-b with the EOIR prior to seeking

employment authorization for it to be considered "properly filed."[12] Additionally, Section 274a.12(c)(10) provides that a properly filed application may be accepted by the "Service or EOIR[,]" and Plaintiff does not allege that he even filed his Form EOIR-42b with the EOIR, let alone that he his application was *accepted* by the EOIR. Therefore, construing the allegations in the Complaint as true, the Court finds that USCIS's decision to deny Plaintiff's Form I-765 cannot be said to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Bean*, 537 U.S. at 77. And that is the question for the Court, rather than, for example, whether the decision could be or "should" have been different.

Finally, the Supreme Court decisions in *Auer v. Robbins*, 519 U.S. 452 (1997) and *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410 (1945) provide an alternative basis for upholding Defendant's decision, *i.e.,* a rock-solid basis for upholding the decision even if it was not clearly correct as the Court has concluded above. Those decisions require a court to defer to an agency's reasonable reading of a genuinely ambiguous regulation. That deference (known, for obvious reasons, as *Auer* or *Seminole Rock* deference) rests on the proposition that "when granting rulemaking power to agencies, Congress usually intends to give them, too, considerable latitude to interpret the ambiguous rules they issue." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2412 (2019) (reaffirming *Auer* and *Seminole Rock*). As *Kisor* made quite clear, the doctrine of *Auer* deference has come under significant attack in recent years. And yet, via *Kisor*, it has survived those attacks

---

[12] Additionally, the Court credits Defendant's concerns that "[t]he practical result [of Plaintiff's reading of the regulation] is that any alien, whether to not he is prima facie eligible for cancellation of removal, could mail a Form EOIR-42B with fee to USCIS and unilaterally make himself eligible to apply for employment authorization forever, without ever actually prosecuting the application." (Doc. No. 23 at 4-5). The Court agrees with Defendants that this was surely not the intent of the regulation. But given that applicable standard of review, the Court cannot decide this case based on particular possible future results of Plaintiff's position. Nor can the Court base its decision on whether 8 C.F.R. § 274a.12(c)(10) could have been written somewhat more clearly than it was by, for example, adding at the very end, "as the case may be."

essentially intact. And so the Court must recognize *Auer* deference and afford it to the agency decision if it applies.

As explained above, the Court does not find that 8 C.F.R. § 274a.12(c)(10) is ambiguous and instead concludes that the regulation unambiguously entails that a Form EOIR 42-b must be filed with the EOIR to render an alien eligible to apply for employment authorization. Nevertheless, assuming *arguendo* that the regulation is ambiguous, which is the best case scenario for Plaintiff,[13] the Court must defer to USCIS's interpretation of its regulation. Even on the face of the Complaint, it is clear that USCIS interpreted the regulation as requiring an alien to file a Form EOIR 42-b with the EOIR before seeking employment authorization with a Form I-765. This interpretation, even assuming it is not unambiguously dictated by the regulation and instead is arguably incorrect, is certainly at least reasonable. Thus, *Auer* deference applies here, and the Court alternatively would be constrained to defer to the agency decision even if, contrary to the Court's conclusion above, it were not unambiguously correct based on the language in 8 C.F.R. § 274a.12(c)(10).

## CONCLUSION

For the above-mentioned reasons, Plaintiff is not entitled to relief under the APA, or a writ of mandamus from this Court. Accordingly, his claims will be dismissed the Court will grant in part and deny in part Defendants' Motion to Dismiss. The Court will deny Defendants' Motion to Dismiss filed pursuant to Rule 12(b)(1). However, the Court will grant Defendants' Motion to Dismiss filed pursuant to Rule 12(b)(6), and this case will be dismissed. Although the Court will dismiss Plaintiff's case it notes that, as Defendants point out, Plaintiff is not completely without

---

[13] Whatever merit may be ascribed to Plaintiff's interpretation, it most certainly is not *unambiguously* dictated by the language of the regulation.

recourse because Plaintiff may file his Form EOIR-42b with an immigration court, which will render him eligible to apply for employment authorization with USCIS pursuant to 8 C.F.R. § 274a.12(c)(10).

An appropriate order will be entered.


_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE